IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILFORD McFIELD, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT PIAZZA, et al., | : | NO. 06-1078 |
| Respondents | : | |

### REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**  February 12, 2007
**U.S. MAGISTRATE JUDGE**

  Petitioner Wilford McField, a prisoner at the State Correctional Institution in Coal Township, Pennsylvania, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, I respectfully recommend his claims be dismissed without prejudice as unexhausted.

### FACTUAL AND PROCEDURAL HISTORY

  After a jury trial in the Court of Common Pleas for Philadelphia County, McField was convicted on March 20, 2001 of possession with intent to deliver a controlled substance and criminal conspiracy. On May 31, 2001, McField was sentenced to ten-to-20 years imprisonment for possession with intent to deliver and 20 years probation for criminal conspiracy. McField's judgment of sentence was affirmed by the Superior Court of Pennsylvania on June 14, 2002. Commonwealth v. McField, No. 1762 EDA 2001 (Pa. Super. June 14, 2002) (unpublished opinion found in Resp't's Resp., Ex. A). McField did not seek further review in the Supreme Court of Pennsylvania.

  On June 11, 2003, McField filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. The PCRA court denied relief on August

24, 2006.  McField filed a timely appeal with the Pennsylvania Superior Court on September 22, 2006.  McField's appeal remains pending in the Superior Court.

McField's federal petition for a writ of habeas corpus, dated March 9, 2006, was filed March 13, 2006.  In his petition, McField alleges:  (1) a due process violation due to the inordinate delay in the PCRA proceedings; and (2) ineffective assistance of trial counsel for failing to (a) request a mistrial due to prosecutorial misconduct during the Commonwealth's opening statement, (b) request a cautionary instruction regarding the Commonwealth's opening statement, (c) request a mistrial and/or cautionary instruction due to the Commonwealth's assertions regarding the burden of proof, and (d) challenge the trial judge's sentencing discretion.

## DISCUSSION

I. Exhaustion

Absent exceptional circumstances, a habeas petition is not cognizable until the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).  A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  The policy of total exhaustion is rooted in the tradition of comity:  the state must be given the "initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights."  O'Sullivan, 526 U.S. at 844-45; Picard, 404 U.S. at 275; Slutzker, 393 F.3d at 379.  The breadth of the exhaustion requirement was recently reaffirmed in Parker v. Kelchner, 429 F.3d 58, 61-64 (3d Cir. 2005).

Exhaustion does not require that the highest state court rule on the merits of the petitioner's claims, but merely that the court be given the opportunity to review them.  Bond v.

Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989).  Thus, McField must fairly present every claim included in a federal habeas petition to the highest level of the state courts.[1]  O'Sullivan, 526 U.S. at 846-47; Slutzker, 393 F.3d at 379 (citing Doctor v. Walters, 96 F.2d 675, 681 (3d Cir. 1996)); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993)).

McField has raised various claims at different stages in state court.  On direct appeal, he alleged:  (1) the trial court erred in sentencing McField outside the sentence recommended by the guidelines; (2) the evidence was insufficient to support his conviction; and (3) the trial court erred in failing to charge the jury on entrapment.  See Commonwealth v. McField, No. 1762 EDA 2001 at 3 (Pa. Super. June 14, 2002) (unpublished opinion found in Resp't's Resp., Ex. A).  In his PCRA petition, McField alleged:  (1) appellate counsel, who also represented McField at trial, was ineffective for failing to preserve a sentencing discretion claim; (2) trial counsel failed to object to the trial court's refusal to permit a jury charge for entrapment; and (3) ineffective assistance of counsel for failing to object to instances of prosecutorial misconduct.

McField's PCRA appeal is currently pending in the Superior Court.  Because I cannot conclude that further state court review is precluded, McField's claims are unexhausted.  See 28 U.S.C. § 2254(c); Slutzker, 393 F.3d at 379-81.  Comity requires the state courts be given the opportunity to address McField's claims.  O'Sullivan, 526 U.S. at 844-45.  Federal habeas corpus

---

[1] After May 9, 2000, habeas corpus petitioners were no longer required to petition for allowance of appeal with the Pennsylvania Supreme Court to fully exhaust state court remedies. See Wenger v. Frank, 266 F.3d 218, 224-25 (3d Cir. 2001) (the Pennsylvania Supreme Court's Order 218 of May 9, 2000 took Supreme Court review out of the purview of the regular appellate course); see also Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

review is premature because McField's claims are unexhausted and a state proceeding remains pending.[2]

Although McField's PCRA petition languished in the PCRA court for three years, his petition was eventually addressed, and is now pending in the Superior Court.  After McField filed his notice of appeal on September 22, 2006, the PCRA court sent the trial court record to the Superior Court on January 19, 2007.  Resp't's Resp., Ex. B.  Moreover, when the delay is considered along with the recent progress the state courts have made in addressing McField's PCRA petition, comity suggests the state courts should be allowed to address the claims.  See Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (progress made in state proceedings is considered when determining whether delay is excessive); Crispin v. Brennan, 281 F.3d 404, 411

---

[2] Upon completion of state court review, McField will have 33 days remaining in his federal limitations period.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for filing applications for writs of habeas corpus.  28 U.S.C. § 2244(d)(1).  Absent a new retroactive constitutional right, a state-imposed impediment to filing a petition, or claims based on new facts that were not previously discoverable through the exercise of due diligence, the one-year limitations period is calculated from the date the state judgment becomes final.  See id.  McField's judgment of sentence became final on July 14, 2002, 30 days after the Superior Court affirmed his sentence since McField did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (judgment final after the expiration of the time for seeking certiorari has expired whether or not review is actually sought)).  Thus, absent tolling, McField was required to file his federal habeas petition on or before July 15, 2003.

Three-hundred and thirty-two days passed between the date McField's conviction became final on July 14, 2002 and June 11, 2003, when he filed his PCRA petition.  The limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was submitted according to the state's procedural requirements, such as the rule governing the time and place for filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  Because it appears McField's PCRA petition was filed within Pennsylvania's one-year limitations period, see 42 Pa. Cons. Stat. Ann. § 9545(b)(1), it was likely properly filed, and his pending PCRA appeal will continue to toll the federal limitations period while it is pending.  Upon completion of PCRA review, McField's federal limitations period will no longer be tolled, leaving McField 33 days to timely file a federal petition raising his then-exhausted claims (if any).

(3d Cir. 2002) (27-month delay not excessive where a hearing was held and the state petition was ruled upon); <u>Walker v. Vaughn</u>, 53 F.3d 609, 614-15 (3d Cir. 1995) (federal court should "stay its hand" where state court proceedings resume after lengthy delay); <u>Burkett v. Cunningham</u>, 826 F.2d 1208, 1218 (3d Cir. 1987) (once claims appeared to be proceeding normally in state court, the Court found federal review premature); <u>see</u> <u>also</u> <u>Faraci v. Grace</u>, 331 F. Supp. 2d 362, 368 (E.D. Pa. 2004) (Dalzell, J.) (in face of 16-year delay, state courts given opportunity to address claims).  As a result, McField's petition should be dismissed.

Accordingly, for the foregoing reasons, I respectfully make the following:

<u>RECOMMENDATION</u>

AND NOW, this 12th day of February, 2007, it is respectfully recommended that McField's petition be DISMISSED without prejudice because it is unexhausted.  It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

\s\ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE